JOHN M. ROSS
*vs.*
HENRY J. SCHADE, *d.b.a.* TRAVELERS REST

Superior Court          New Haven County          File No. 45347

MEMORANDUM FILED NOVEMBER 28, 1939.

*Earley E. Caple* and *Harry Watstein*, of New Haven, for the Plaintiff.

*George C. Conway, of New Haven,* for the Defendant.

DICKENSON, J.    The plaintiff, a negro teacher of English in a southern university, entered the defendant's tavern with

his cousin, Mrs. Caple, and ordered sandwiches and beer. He was told by the combination bartender and waiter there were no sandwiches and the beer would be thirty cents a glass. The plaintiff told the waiter to serve the beer, which he did. After the two drank the beer and paid sixty cents for it the waiter took the glasses to the foot rail of the adjacent bar and broke one after the other on the rail in sight of the plaintiff. The plaintiff and his companion then left the place and some five days later the plaintiff brought this action, claiming an over-charge for the beer and discrimination in treatment in violation of section 5985 of the General Statutes, Revision of 1930. The plaintiff did not appear on trial but gave his testimony by de-position. Mrs. Caple testified in person. The defendant offered no evidence.

Section 5985 of the General Statutes, Revision of 1930, reads as follows: "Any person who, on account of alienage, race or color, shall subject or cause to be subjected any other person to the deprivation of any rights, privileges or immunities secured or protected by the constitution or laws of this state, or who on that account, shall deprive any other person of the full and equal enjoyment of the advantages, facilities, accommodations or privileges of any place of public accommodation, amusement or transportation, subject only to the limitations established by law and applicable alike to all persons, or who, on that account, shall discriminate in the price of the enjoyment of such privi-leges, shall forfeit and pay to the person injured thereby double damages, to be recovered in any court of competent jurisdiction within this state."

The defendant claims this statute is no longer in effect, having been repealed by the substitution of section 1160b of the 1933 Cumulative Supplement to the General Statutes, which in turn was repealed by section 1676c of the 1935 Cumulative Supple-ment to the General Statutes.

Neither section 1160b nor section 1676c expressly repeals or refers to section 5985, but the annotation of section 5985 is: "Repeal and sub. sec. 1160b", and the annotation of section 1160b is "Repeal and sub. sec. 1676c." Section 1160b and section 1676c bear the printed annotation "S.5985."

1933

All three sections come under the chapter head of "Statutory Rights of Action" and in the table of contents this chapter is indexed under "Civil Actions."

While section 5985 of the General Statutes gives a right of civil action for discrimination the latter statutes do not, but fix a criminal penalty.

In the preface to the Cumulative Supplements to the General Statutes for the legislative sessions, 1931 and 1933, and 1931, 1933 and 1935, the statute revision commissioner states that: "If the act amends or repeals a section of the General Statutes, the number of that section, preceded by 'S', is printed in the margin and signifies, *unless the context clearly indicates otherwise* (the italics are mine), that the section is repealed, or is superseded by the amending act and, in effect, repealed."

There was in 1930 and still is in effect a criminal statute forbidding discrimination by reason of alienage, race or color.

It seems obvious that the context of sections 1160b and 1676c "clearly indicate" that the intention of the Legislature was not to repeal section 5985 of the General Statutes, Revision of 1930, for this section, as has been noted is under the heading of statutory rights of action and that chapter (319) contains some eighteen sections providing for statutory civil actions and none relating to criminal prosecutions.

While both sections 1160b and 1676c are under chapter headings of "Statutory Rights of Action" each is the only section in that chapter.

It is held therefore that section 5985 of the General Statutes, Revision of 1930, was in effect at the time the alleged cause of action arose in this case and that if the plaintiff has established a violation of it he is entitled to redress under it.

While there is no direct evidence as to an excessive charge for the beer sold, there is sufficient circumstantial evidence upon which to draw a reasonable inference that the plaintiff was overcharged and this on account of his color.

It was held in an early case, *Faulkner vs. Solazzi*, 79 Conn. 541 (the only one on the subject) that a barber shop was not a "place of public accommodation", on the theory that public interest necessarily relates to some "power of regulation" in the state.

But as an example of what might be a place of public accommodation the court suggested inns. If the test is as suggested, a place used by the public and under state regulation, it would seem that a tavern presumably operating under a permit comes within the provisions of the statute and it is so held.

Upon the question of damages as has been noted it appears the plaintiff was overcharged forty cents and under the statute this is doubled.

In his complaint he alleges further that he was humiliated but he has offered no evidence that he was. He has described the occurrence without statement as to its effect upon him. While this might be sufficient for a criminal prosecution, in a civil action the plaintiff must prove as well as allege damage. *Barlow Brothers Co. vs. Gager,* 113 Conn. 429, 442. In the words of the statute (General Statute [1930] §5985) the plaintiff must prove that he was "injured." He has not testified to any mental suffering and so far as the court may know from the evidence his reaction may have been one of contempt for the puerile act of breaking the glasses, rather than humiliation. "Humiliated" is subjective and may be defined as disgraced, degraded or shamed. There is no evidence that the plaintiff experienced any such emotion or was otherwise injured by the defendant's conduct.

The plaintiff's damages must, therefore, be confined to the overcharge for the beer.

Judgment is directed for the plaintiff to recover eighty cents of the defendant.